

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00301-CR

Jack Edward **MILLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 633088
Honorable Wayne A. Christian, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: March 20, 2024

MOTION TO WITHDRAW GRANTED; ABATED AND REMANDED

In this appeal, court-appointed counsel filed an *Anders* brief and a motion to withdraw. Because arguable grounds for appeal exist, we grant counsel's motion to withdraw and abate this appeal. We remand the cause to the trial court for appointment of new appellate counsel.

### BACKGROUND

A jury convicted appellant Jack Edward Miller of resisting arrest, search, or transportation. *See* TEX. PENAL CODE § 38.03. The trial court sentenced Miller to confinement of one year and assessed a fine of $1,000 and court costs of $325. The trial court suspended Miller's jail sentence

and placed him on community supervision for two years. The fine and court costs were not suspended.

On appeal, Miller's court-appointed appellate counsel filed a brief stating he conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Miller's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why he concluded the appeal is without merit. The brief meets the requirements of *Anders*. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel also provided Miller with copies of counsel's *Anders* brief and motion to withdraw,[1] a motion for pro se access to the appellate record, and informed Miller of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). This court also notified Miller of his right to file a pro se brief, and Miller filed a pro se brief.

## INDEPENDENT REVIEW

Although counsel satisfied the procedural requirements of *Anders*, we are required to conduct an independent review to determine whether the appeal is wholly frivolous or whether arguable grounds for appeal exist. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we determine a nonfrivolous ground for appeal exists, we must grant defense counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court for appointment of new counsel. *Id.* at 766 n.15. The newly-appointed appellate counsel is then required to file a brief

---

[1] Counsel requested to withdraw in his brief. We construe this as a motion to withdraw.

raising the nonfrivolous ground we have identified as well as any additional grounds the attorney discovers. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

After reviewing the briefs and the record, we conclude the appeal is not wholly frivolous and there are arguable ground(s) for appeal, including whether the trial court erred by failing to make an inquiry on the record regarding the defendant's ability to immediately pay all or part of the fine and court costs. *See Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *1–3 (Tex. App.—San Antonio Jan. 17, 2024, no pet.) (concluding an arguable issue exists if the record does not reflect the trial court made an inquiry on the record regarding defendant's ability to pay a fine or court costs); TEX. CODE CRIM. PROC. art. 42.15(a-1).

## CONCLUSION

We therefore grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. *See Garner*, 300 S.W.3d at 766 n.15. The trial court shall, within forty-five days from the date of our order, appoint new appellate counsel to present all arguable grounds of error, including but not limited to the nonfrivolous ground noted in this opinion. *See Bledsoe*, 178 S.W.3d at 827.

Irene Rios, Justice

Do not publish